AO 256 (Rev. 2/86)

# CRIMINAL DOCKET - U.S. District Court

| | | |
|---|---|---|
| PO ☐ Misd. ☐ Felony ☒ | Assigned: 0417 - 03 - 1709 Disp./Sentence | WRIT ☐ JUVENILE ☐ ALIAS ☐ |

U.S. VS. KELLEY, Edward a/k/a "Fast Eddie"

Case Filed: 01/10/89
Docket No. 00003  Def. 01

## I. CHARGES

| U.S. TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS |
|---|---|---|
| 21:841 & 846 | Conspiracy to possess with intent to distribute & distribution of Sched. I cont. substance, to wit: LSD (Ct. 1) | 1 |
| 21:841 & 18:2 | Distribution of Sched. I cont. sub., to wit: LSD (Cts 2&3) | 2 |
| 18:1952(a)&2 | Interstate Travel in aid of racketeering & aiding & abetting (Ct. 4) | 1 |
| 21:843(b) | Unlawful use of communication facility (Cts. 5-8) | 4 |

## II. KEY DATE

INTERVAL ONE — KEY DATE: 3-19-89 (EARLIEST OF: ✓ arrest)
END ONE / BEGIN TWO — KEY DATE: 1/10/89 (APPLICABLE: ☒ Indictment filed/unsealed)
KEY DATE: 3/31/89 (a) ☒ 1st appears on pending charge/R40)

## III. MAGISTRATE

Per David Alais AO—
D#1 can use excludable time that
D#2 is out of district for sentencing
in Calif. & pursuant to
3161(h)(7)

Mot. for reconsid:
Sept. 15 10:00
Mag Dixon

Defense:
Feder...
Bannu...
Fayet... , NC

James R. Parish (ent. 4/25/89)
P. O. Drawer 1824
Fayetteville, NC 28302
483-7680

70 days up: ~~6/9/89~~  9-29-89 (w/mot)
A&TD: ~~5/30/89~~  9-11-89

BAIL ● RELEASE
POST-INDICTMENT: Bail Denied ✓

| DATE DOCUMENT NO. | Yr | Docket No. | Def. | MASTER DOCKET - MULTIPLE DEFENDANT CASE / PROCEEDINGS DOCKET FOR SINGLE DEFENDANT | PAGE OF | VI EXCLUDABLE DELAY Start Date/End Date | Ltr Code | Total Days |
|---|---|---|---|---|---|---|---|---|
| | | | | (OPTIONAL) Show last names of defendants  **V. PROCEEDINGS** | | | | |
| 1/10/89 | 1 | | | INDICTMENT filed; cys dist. | | | | |
| " | 2 | | | MEMORANDUM requesting issuance of arrest warrant; $250,000 secured bond recommended | | | | |
| 1/12/89 | 3 | | | ARREST WARRANT issued; orig. & 1 to USMS for service; cy to SAUSA | | | | |
| 3/21/89 | | | | Rec'd Field Report; def't arrested by USMS, N/NY on 3/19/89 | | | | |
| 3/27/89 | | | | Rec'd Mag. papers from N/NY (Mag. Smith); def't appeared 3/20/89 N/NY @ Albany; AUSA there recommended detention pending removal back to EDNC; motion granted; detention hearing to be held in EDNC upon deft's arrival | | | | |
| " | 4 | | | COMMITMENT TO ANOTHER DISTRICT (cy-rec'd from N/NY | | | | |
| " | 5 | | | WAIVER OF RULE 40 HEARINGS by def't; def't waives identity hearing; detention hearing to be held in demanding state | | | | |
| 3/31/89 | | | | **INITIAL APPEARANCE** @ Wilmington; Mag. Boyle; gov't moved for detention; def't requested court assigned counsel; detention hearing set for 4/4/89 11:00 a.m. @ Fay. before Mag. Dixon | | | | |
| " | | | | ISSUED NOTICE of detention hearing scheduled for April 4, 1989 at Fay. before Mag. Dixon; cys to Mag. Dixon; AUSA: FPD; USPO; USMS; Clerk, Fay; Joyce Todd, Civil Section; Court rptr.  bb | | | | |
| 3/31/89 | 6. | | | ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT | | | | |
| 4/3/89 | 7. | | | ORDER directing Federal Publice Defender to provide representaiton in this action; BOYLE, Karen P., U. S. Mag.; cy to FPD  bb | | | | |
| | 8. | | | **MARSHAL'S RETURN ON WARRANT FOR ARREST** - Date of arrest 3-19-89 Andre LaBier, Deputy U.S. Marshal. | | | | |
| | 9. | | | **COMMITMENT TO ANOTHER DISTRICT** - Date commitment order received 3-30-89 and committed 3-30-89 to New Hanover County Jail William Dickinson, Deputy U.S. MArshal. | | | | |
| 4-4-89 | | | | **DETENTION HEARING** - Mag. Dixon- at Fayetteville, N.C. _Court Reporter Jo Bush. Govt. evidence, defendant heard on proffer, court states that it relies on pretrial services report. U.S. Attorney states to the court that bond no longer applies in this case, Court states taht the government has the rebuttable presumption, defedantn remanded to custody of the U.S. Marshal. | | | | |
| | 10. | | | **ORDER OF DETENTION PENDING TRIAL** - The defednant's continued dealing in controlled substances both in Philadelphia and in the Eastern District of North Carolina while being on probation from a Wisconsin conviction for the same type activity is sufficient to demonstrate to me the defendant's propensity to pose a danger to the safety of the communtiy or any other person. Moreover, the defendant's homeless status and absolute lack of ties to this judicial district is sufficient to demonstrate the likelihood of his failure to appear in this district. Accordingly, the defendant is committed to the custody of the Attorney General. Mag. Dixon, CR OB # 11, p 13    cys. dist. (ent. 4-6-89) ms | | | | |
| 4/7/89 | 11. | | | ORDER ON PRE_TRIAL SCHEDULING-conclude all discovery on or before April 20, 1989; motions due May 1, 1989; responses due May 15, 1989; DENSON, Alexander B., U. S. Mag; cc to SAUSA; Mr. Cooper; Judge Howard  bb | | | | |
| 4/25/89 | 12. | | | NOTICE OF APPEARANCE-by James R. Parish as ~~court appt'd~~ counsel for def't; cy to Mag. Denson; USPO; Judge Howard  bb | | | | |
| " | 13. | | | MOTION FOR DISCOVERY by def't; cy to Mag. Denson; cs to SAUSA  bb | | | | |
| " | 14. | | | MOTION TO BE PROVIDED CRIMINAL RECORDS OF TESTIFYING CO-DEFENDANTS by def't to Mag. Denson | 4-25-89 / 5-23-89 | E | 8 |

Case 3:89-cr-00003-H  Document 1 on Filed 01/10/89  Page 2 of 6
CONTINUED TO PAGE

LETTER CODES
For identifying periods of excludable delay per 18 USC 3161 (h) [Sections in brackets]

A Exam or hearing for mental/physical incapacity (18 USC 4244) [(1)(A)]
B NARA exam (18 USC 2902) [(1)(B)]
C State/Fed.l proceedings on other charges [(1)(D)]
D Interlocutory appeal [(1)(E)]
E Pretrial motion (from filing to hearing or to other prompt disposition) [(1)(F)]
F Transfer from other district per FRCrP 20.21 or 40 or Mag Rule 6a [(1)(G)]
G Proceedings under advisement, not to exceed 30 days, after all necessary submissions filed and hearings completed [(1)(J)]
H Misc. proceedings: arraignment, parole/probation, revocation, Deportation, extradition [(1)]
5 Deferral of prosecution (per 28 USC 2902) [(1)(C)]
6 Transportation from another district or to/from examination or hospitalization in 10 days or less [(1)(H)]
7 Consideration by Court of proposed plea agreement [(1)(I)]
I Prosecution deferred by mutual agreement [(2)]
M Unavailability of defendant or essential witness [(3)(A,B)]
N Period of mental/physical incompetence of def. to stand trial [(4)]
O Period of NARA commitment/treatment [(5)]
P Superseding indictment and/or new charges [(6)]
R Def awaiting trial of co-defendant & no severance has been granted [(7)]
T Continuances granted per (h)(8) use "T" alone if more than one of the following reasons (T1 thru T4 is given in support of continuance [(8)(A,B)]
T1 Failure to continue would stop further proceedings or result in miscarriage of justice [(8)(B,iii)]
T2 Case unusual or complex [(8)(B,ii)]
T3 Indictment for arrest can't be filed in 30 days [(8)(B,iii)]
T4 Continuance granted to obtain or substitute counsel, or give reasonable time to prepare [(8)(B,iv)]
U Time up to withdrawal guilty plea, 3161(i)
W Grand Jury indictment time extended 30 more days, 3161 (b)






| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 4/26/89 | MOTION IN LIMINE TO EXCLUDE MENTION DEFENDANT REFUSED TO MAKE STATEMENT-by def't; cs to SAUSA; cy to Judge Howard w/memo for handling instructions   bb | | 4/26/89 / 5-15-89 | E | 19 |
| " | MOTION FOR A BILL OF PARTICULARS by def't; cs to SAUSA; cy to Mag. Denson | | 4/26/89 / 5/23/89 | E | |
| " | MEMORANDUM IN SUPPORT OF MOTION FOR BILL OF PARTICULARS by def't; cs to SAUSA; cy to Mag. Denson   bb | | | | |
| 5-3-89 | 18. RESPONSE TO MOTION FOR DISCOVERY, MOTION IN LIMINE TO ECLUDE MENTION DEFENDANT REFUSED TO MAKE STATEMENT MOTION TO BE PROVIDED CRIMINAL RECORDS OF TESTIFYING CO-CONSPIRATORS w/cs Mr. Parish, lc Judge HOward | | | | |
| | 19. RESPONSE TO MOTION FOR BILL OF PARTICULARS - w/cs Mr. Parish, lc Mag. Denson (ent. 5-4-89) ms | | | | |
| 5-15-89 | 20. **ORDER** - This matter comes before the court on defednant's motion in limine, filed April 26, 1989. Defendant's motion is **granted**. Judge Howard, CR OB # 11, p 60 cys. to counsel of record, lc Judge Howard, (ent. 5-16-89) ms | | | | |
| 5/23/89 | ORDER- 21. the defendant's Motion to be Provided with Criminal Records of Testifying Co-Defendants and Motion for Discovery ARE ALLOWED and the Motion for Bill of Particulars IS ALLOWED to the extent that the government is required to disclose the names of known co-conspirators and is otherwise DENIED; DENSON, Alexander B., U.S.Mag.; CR OB#11, p. 84; cc to AUSA; Mr. Cooke & Parish; Judge Howard; ent. 5/23/89   bb | | | | |
| 6/20/89 | 70 days up 8/5/89 w/excludable time (motions & 30 days 1st appearance of co-def't in this district)   bb | | | | |
| 7/27/89 | 70 days up 9/29/89 w/excludable time (including 6/20/89 entry plus 57 days co-def't was out of district for sentencing in other fed. charges)(3161(h)(7) per AO)   bb | | | | |
| 7/25/88 | 22 GOVERNMENT'S PROPOSED QEUSTIONS OF VOIR DIRE-cs to Mr. Parish; cy to Judge Howard   bb | | | | |
| 7/31/89 | 23 MOTION TO EXCLUDE TIME UNDER 18 U.S.C. 3161 SPEEDY TRIAL- by gov't praying for an order excluding the time period beginning w/the date of the escape of Acus from federal custody in computing time for speedy trial purposes; cs to FPD office; cy to Judge Howard   bb | | 7-31-89 | E | |
| " | 24. GOVERNMENT"S PROPOSED JURY INSTRUCITONS; cs to atty; cy to Judge Howard   bb | | | | |
| 8/7/89 | 25. DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTIONS TO EXCLUDE TIME and MOTION TO DISMISS the Government's Motion; MOTION FOR RELEASE FROM CUSTODY; MOTION TO DISMISS THE INDICTMENT; cs to SAUSA; cy to Judge Howard | | 8/7/89 | | |

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 8/28/89 | 26 ORDER-ORDERED that the motion of the government to exclude the time attributable to the absence of Acus from the speedy trial computation in the case of each defendant is GRANTED. It is further ORDERED that the time period beginning on July 20, 1989, the date of Acus's escape, be excluded from the computation of time for speedy trial in the case of each defendant. This time period shall continue to be excluded until the date that Acus is returned to custody; HOWARD, Malcolm J., U. S. Dist. Judge; CR OB# 12, p. 3; cc to AUSA: def't atty; Judge Howard; USMS; ent. 8/28/89 | | bb | | |
| 8/29/89 | Sent note to USMS w/cy of above order asking them to notify us when Acus apprehended so we could set this case for trial | | bb | | |
| 8/30/89 | 27. MOTION FOR RECONSIDERATION OF CONDITIONS OF RELEASE PENDING TRIAL; def't requests re-hearing and reconsideration on his pre-trial detention; cs to SAUSA; cyto Mag. Dixon | | bb | | |
| 9/7/89 | ISSUED NOTICE-case set for hearing on Motion for Reconsideration of bond before Mag. Dixon @ Fayetteville on 9/15/89 10:00 A.M.-cys to Mag. Dixon; Major Borch, SAUSA; Messrs. Cooke & Parish; USPO; USMS; Clerk, Fayetteville, Joyce Todd, civil seciton; court reporter | | bb | | |
| 9/15/89 | HEARING on reconsideration of bond @ Fay; Mag. Dixon; Carol Williams, court reporter; the court chose not to decide about release at this time, but asked USPO to check w/various family members of def't as well as w/officials in Wisconsin; def't remain in custody of USMS for now | | | | |
| " | 28. **ORDER**-although with the escape from custody of the government's principal witness the trial judge has determined for the present that the provisions of the Speedy Trial Act do not apply, there is some point at which constitutional concerns must take precedence. Without suggesting when that occurs, I am directing the pre-trial services officer to begin an inquiry with designated members of the defendant's family and report back to me, at least informally, as to those findings including whether pre-trial services has any recommendation for release on conditions. I will share this information with the government's attorney and the defense attorney, as I am satisfied we will all be required to address this issue at a later date. Nevertheless, for the present, the defendant's renewed motion for release is DENIED; DIXON, Wallace W., U. S. Magistrate; cc to SAUSA: Mr. Parish; USMS: USPO; Judge Howard; CR OB #12, p. 30; ent. 9/18/89 | | bb | | |

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET  U.S. vs
KELLEY, Edward a/k/a Fast Eddie
AO 256A
89-03-01-CR-3
Yr. | Docket No. | Def.

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 10/19/89 | Letter written by Mag. Dixon addressed to defense counsel and SAUSA Major Borch regarding parties reaching some type of agreeable terms for pretrial release of def't. Attys are directed to respond to Mag. Dixon's letter immediately; cy sent to USPO and Judge Howard for information purposes | bb | | | |
| 12/19/89 | HEARING ON CONDITONS OF RELEASE @ Fayetteville,; Mag. Dixon; proceedings recorded; Court sets conditions of release for def't to reside at the Bannum Place; Court is aware of SAUSA Borch's absence; Court advises def't of penalties and sanctions involved if conditions violated; | | | | |
| " | ORDER SETTING CONDITONS OF RELEASE-The def't shall remain in residence at the Community Correction Center in Fayetteville, NC and is subject to the conditions of the facility<br>2. Avoid all contact w/Frank Alec Acus, Jack Wayne Williamson; def't may contact brother Leslie James Kelly by mail only-no phone or personal contact<br>3. report as direct to ptso<br>4. comply w/whatever curfew set by CTC<br>5. refrain fomr possessing firearm<br>6. refrain from <u>any</u> use/possession of drugs or alcohol<br>7. Undergo medical or psychiatrict treatment and/or remain in an insitution as follows: which includes alcohol/drug rehab and education<br>8. If directed by PTSO, def't to submit to inpatient treatment and random urinalysis on demand by PTSO or the CTC for detection of controlled substances; Mag. Dixon; cys dist. to AUSA; def't; USMS; USPO | bb | | | |
| 1/22/90 | **RESPONSE TO DEFENDANT'S OMNIBUS MOTION REGARDING CUSTODY** - by govt. w/cs. to def. counsel. Cy. to Judge Howard w/ prop. order, b11 | | | | |
| 1/26/90 | ORDER FOR DISMISSAL-Pursuant to Rule 48(a), FPR.Cr.P, and by leave of court endorsed hereon, the USAtty. for the EDNC hereby dismisses the Indictment against Edward Kelly a/k/a "FAST EDDIE" without prejudice; Leave of Court is granted for the filing of the dismissal; HOWARD, Malcolm J. U. S. Dist. Judge; CR OB#12, p. 180; cc to SAUSA; Mr. Cooke/Parish; USPO; USMS; Mag. Dioxn; Judge Howard ent. 1/30/90 | bb | | | |
| " | MOTION FOR FINANCIAL ASSISTANCE-by def't to provide financial assistance to def't in his return to his home; cy to Mag. Dixon | bb | | | |
| " | ORDER-IT IS ORDERED that on the defendant's release from custody, the USMS furnish the def't w/transporation and subsistence from Fayetteville, NC, to Schenectady, NY, or in the alternative, allowance therefor; Mag. Dixon; CR OB#12, p. 181; cc to USMS; AUSA: Mr. Cooke; USPO; Mag. Dixon; Judge Howard ent. 1/30/90 bb (cy of order hand deliver to USMS on 1/26/90) | | | | |

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|------|------|------|------|------|------|
| 2/1/90 | RETURN on Mag. Dixon order of 1/26 for transporation and subsistance- On 1/30/90 def't was released from the Bannum Place in Fayetteville and was provided airline transportation to New York and a check for $54.00; Alex Holman, DUSM | | bb | | |